## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**JOSEPH DAVID COMPTON**                                                              **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 1:21-CV-P104-GNS**

**OFFICER KYLE J. LAING** *et al.*                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil-rights action brought by Plaintiff Joseph David Compton pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow one claim to proceed, and allow Plaintiff to amend his complaint.

### I.

Plaintiff sues Warren County, the Bowling Green Police Department (BGPD), and BGPD Officer Kyle J. Laing. Plaintiff sues Defendant Laing in both his official and individual capacities.

Plaintiff alleges that on August 16, 2020, Defendant Laing and Officer Michael Jonkers shot Plaintiff in the back while he was driving a car. Plaintiff claims that his shooting violated several provisions of the United States Constitution as well as certain state criminal laws.

As relief, Plaintiff seeks damages.

### II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.

The Court will first address Plaintiff's claim against the BGPD, his official-capacity claim against BGPD Officer Laing, and his claim against Warren County. The BGPD is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not subject to suit under § 1983. In this situation, the City of Bowling Green is the proper Defendant. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that since the police department is not an entity which may be sued, the county is the proper party); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983). Similarly, Plaintiff's official-capacity claim against Officer Laing is also against the City of Bowling Green. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action

3

against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by the City of Bowling Green or Warren County. Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant Laing and his claims against the BPGD and Warren County for failure to state a claim upon which relief may be granted.

**B.**

Plaintiff claims that the act of shooting him in the back while he was driving violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Although this allegation is sparse, the Court construes it as an excessive-force claim. And because it appears that the incident occurred while Plaintiff was not incarcerated, the Court finds that it is most likely the Fourth Amendment's prohibition against the unreasonable seizure of a person, and not the Fifth, Eighth, or Fourteenth Amendments, that protects Plaintiff from the alleged use of excessive force in this instance. *Graham v. Connor*, 490 U.S. 386 (1989) (holding claim of excessive force in effecting arrest should be analyzed under the Fourth Amendment); *Whitley v. Albers*, 475 U.S. 312 (1986) (holding that the Eighth Amendment protects prisoners from cruel and unusual

punishment after conviction); *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (holding that Due Process Clause of the Fourteenth Amendment protects state pretrial detainees from cruel and unusual punishment); *Henderson v. Reyda*, 192 F. App'x 392, 396 (6th Cir. 2006) (finding that the district court correctly dismissed plaintiff's Fifth Amendment excessive-force claim arising out of the seizure of her person during an investigation of potential criminal acts and that the claim should be analyzed under the Fourth Amendment).

Plaintiff also claims that Defendant Laing violated his right to equal protection under the Fourteenth Amendment when he shot him. In making this claim, Plaintiff alleges that Defendant Laing shot him for a personal reason – because Defendant Laing "was persuing a relationship with [Plaintiff]'s then girlfriend." The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). Because the complaint contains no allegation of disparate treatment, the Court finds that it fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment.

Thus, for the foregoing reasons, the Court will dismiss Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims for failure to state a claim upon which relief may be granted, but allow a Fourth Amendment excessive-force claim to proceed against Defendant Laing in his individual capacity.

## IV.

Plaintiff also claims that Defendant Laing committed the criminal acts of assault, wanton endangerment, and murder against him. However, a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Simply put, Plaintiff cannot compel a criminal investigation or the prosecution of Defendant Laing. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, the Court will dismiss the claims Plaintiff seeks to bring under Kentucky state criminal laws for failure to state a claim upon which relief may be granted.

## V.

Finally, because Plaintiff alleges that BGPD Officer Michael Jonkers also shot him in the back, the Court will provide Plaintiff the opportunity to amend his complaint to name Officer Michael Jonkers as a Defendant in this action and to sue him in his individual capacity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). If Plaintiff so amends his complaint, the Court will also allow a Fourth Amendment excessive-force claim to proceed against Officer Jonkers.

## VI.

For the foregoing reasons, **IT IS ORDERED that Plaintiff's claims against Warren County, the BGPD, his official-capacity claim against Defendant Laing, his Fifth, Eighth,**

and Fourteenth Amendment claims, and his state-law claims are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.**

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Warren County and the Bowling Green Police Department as parties to this action**.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which he sues Officer Michael Jonkers in his individual capacity**. To this end, the **Clerk of Court** is **DIRECTED** to send Plaintiff the second page of his complaint (DN 1) with the words "Amended Complaint" and this case number written in the margin.

The Court will enter a Service and Scheduling Order to govern the claims it is allowing to proceed once the 30-day period for filing an amended complaint has expired.

Date: August 2, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
      Bowling Green City Attorney
4416.011