UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00104-GNS

JOSEPH DAVID COMPTON                                                                           PLAINTIFF

v.

KYLE J. LAING                                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Reconsider (DN 30). The matter is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

### I.      STATEMENT OF THE FACTS

This action arose out of a police chase between the Bowling Green Police and Plaintiff David Compton ("Compton"). Defendant, Bowling Green Police Officer Kyle J. Laing ("Laing"), wore a body camera which recorded the events pertinent to this case. (Laing Video 9:07 A.M., Aug. 16, 2020, DN 25). On August 16, 2020, Laing responded to a trespassing and theft complaint where Officer Michael Jonkers ("Jonkers") was already on the scene. (Def.'s Mot. Summ. J. 1-2, DN 19). Upon hearing Jonkers yell from behind a nearby house, Laing followed the noise down a driveway and into the backyard of a residence. (Laing Video 0:50-1:00). When he entered the backyard, Laing observed Compton driving a vehicle from the back of the lot directly towards him. (Laing Video 0:57-0:59). With his gun drawn, Laing yelled "stop the car, stop the car now," but Compton continued driving toward Laing. (Laing Video 0:55-1:01). Laing moved out of the way of the vehicle, which rolled past him down the driveway toward the street. (Laing Video

1:00-1:03). As the car passed him Laing fired three shots into the left side of the vehicle, one of which struck Compton in the back. (Laing Video 1:02). Compton subsequently pleaded guilty to charges of wanton endangerment in the first degree and fleeing or evading police in the first degree. (Def.'s Mot. Summ. J. Ex. C, at 1, 4, DN 19-3).

Acting *pro se*, Compton asserts a claim against Laing for excessive force under 42 U.S.C. § 1983. (Mem. Op. & Order 1, DN 6). Laing moved for summary judgment arguing that Compton had already admitted that Laing had no liability by failing to respond to Laing's requests for admissions. (Def.'s Mot. Summ. J. 5). Alternatively, Laing argued that he was entitled to qualified immunity. (Def.'s Mot. Summ. J. 6). The Court denied Laing's motion and he has now moved for the Court to reconsider. (Def.'s Mot. Recons., DN 30).

## II. JURISDICTION

This Court has subject-matter jurisdiction based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## III. DISCUSSION

### A. Admissions

Laing contends that the Court incorrectly denied his motion for summary judgment because Compton had already admitted that Laing had no liability by failing to respond to Laing's requests for admissions. (Def.'s Mot. Recons. 3). A matter is generally deemed admitted when a plaintiff fails to respond to a request for admission within thirty days. Fed. R. Civ. P. 36(a)(3). Prior to his motion for summary judgment, Laing tendered several requests for admissions to Compton that went unanswered including:

> 1. [T]hat the amount of force used by Officer Laing at the time of the incident described in the Complaint was appropriate, lawful, and reasonable.
> 2. [T]hat you [Plaintiff] resisted arrest at the time of the incident described in the complaint.

> 3. [T]hat you [Plaintiff] recklessly drove a motor vehicle at police officers, including Officer Laing, at the time of the incident described in the complaint.
> 4. [T]hat you [Plaintiff] tried to strike police officers, including Officer Kyle Laing, with a motor vehicle at the time of the incident described in the complaint.
> 5. [T]hat you [Plaintiff] pleaded guilty to the following criminal offenses for your conduct at the time of the incident described in the Plaintiff's complaint herein: (1) wanton endangerment first degree; (2) criminal mischief first degree; (3) burglary third degree; and (4) fleeing and evading police in a motor vehicle first degree.

(Reqs. Admis., DN 19-4). The Court previously declined to grant summary judgment based on Compton's failure to respond to the requests for admissions because Laing failed to warn Compton about the detrimental effect of not responding. (Mem. Op. & Order, DN 29). In making this determination, the Court relied on *Jones-Bey v. Conrad*, No. 3:16-CV-723-DJH, 2020 WL 2736436 (W.D. Ky. May 26, 2020), in which the Court found that admissions from a *pro se* litigant that are deemed admitted by default "cannot be the sole basis for granting summary judgment if Plaintiff was not warned in the requests for admissions of the consequence of failing to respond timely." *Id.* at *4 (citation omitted).

Laing contends that the Court's October 14, 2021, scheduling order warned Compton about the potential consequences of failing to respond. (Def.'s Mot. Recons. 3-4). This Order instructed that "Plaintiff shall certify that the production is complete and shall file the certification with the Court" and "Plaintiff is WARNED that his failure to notify the Clerk of Court of any address change or failure to comply with this or any order of the Court MAY RESULT IN A DISMISSAL OF THE CASE." (Service and Scheduling Order 2-3, DN 10 (emphasis omitted)). Not only does this Order not warn Compton about the consequences of failing to respond to a request for admission, but even if it did, Laing has failed to point to any authority requiring the Court to grant summary judgment based on a *pro se* plaintiff's failure to respond. Therefore, Laing has not shown that summary judgment was inappropriate on these grounds.

B.  **Qualified Immunity**

Laing argues that the Court incorrectly concluded that summary judgment was not appropriate on qualified immunity grounds because the bodycam footage is not open to more than one reasonable interpretation. (Def.'s Mot. Recons. 8). In situations involving vehicular flight, "[t]he critical question is whether the officer had objective reason to believe that the [fleeing] car present[ed] an imminent danger" to "officers and members of the public in the area." *Latits v. Phillips*, 878 F.3d 541, 548 (6th Cir. 2017) (first alteration in original) (internal quotation marks omitted) (quoting *Cass v. City of Dayton*, 770 F.3d 368, 375 (6th Cir. 2014)). As the Sixth Circuit has noted:

> Deadly force is justified against "a driver who objectively appears ready to drive into an officer or bystander with his car," but generally not "once the car moves away, leaving the officer and bystanders in a position of safety," unless "the officer's prior interactions with the driver suggest that the driver will continue to endanger others with his car."

*Id.* (internal quotation marks omitted) (citations omitted). Further, deadly force can be justified by prior interactions showing continuing dangerousness when a "suspect demonstrated multiple times that he either was willing to injure an officer that got in the way of escape or was willing to persist in extremely reckless behavior that threatened the lives of all those around." *Smith v. Cupp*, 430 F.3d 766, 775 (6th Cir. 2005); these circumstances, however, are not present in this case.

The Court's previous order held that a reasonable jury could determine that Laing was not in danger of being hit by the car when he fired at Compton, and thus that Laing was not entitled to summary judgment on qualified immunity grounds. (Mem. Op. & Order 10, DN 29). When video evidence in the record "show[s] facts so clearly that a reasonable jury could view those facts in only one way, those facts should be viewed in the light depicted by the videos." *Latits*, 878 F.3d at 547 (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)). On the other hand, when the video can

be viewed in multiple ways or does not depict everything, it must be construed in favor of the non-moving party. *Id.* Laing contends that this video cannot actually be viewed in multiple ways and thus the Court erred in leaving the question of qualified immunity for the jury. (Def.'s Mot. Recons. 8). The Court, however, concludes that the video is open to differing interpretations and that a reasonable jury could determine that Laing was not in danger of being hit by the car when he fired at Compton. The pertinent portion of the footage is extremely quick, lasting only a few seconds. (Laing Video 0:55-1:01). The rapid nature of the video leaves open to interpretation whether Laing was in danger of being hit by the car when he fired his weapon. Therefore, summary judgment is not appropriate on qualified immunity grounds.

Laing further argues that *Gordon v. Bierenga*, 20 F.4th 1077 (6th Cir. 2021), not *Hermiz v. City of Southfield*, 484 F. App'x 13 (6th Cir. 2012), or *Latits v. Phillips*, 878 F.3d 541 (6th Cir. 2017), controls the facts in this case, contending that:

> The recent holding in *Gordon* supports a narrow reading of *Latits* and stands for the proposition that an officer does not clearly violate a fleeing suspect's constitutional rights when the officer uses deadly force to prevent the suspect from fleeing into a residential neighborhood during the middle of the day when people are most likely to be out and in harm's way.

(Def.'s Mot. Recons. 8-9). Despite this argument, the Court determines that *Hermiz* and *Latits* detail the controlling precedent applicable to this case. *Gordon* involves a car chase beginning at a White Castle drive-through in rush-hour. *Gordon*, 20 F.4th at 1080. The plaintiff also hit another car in the pursuit, whereas in the present case there appeared to be no bystanders in the immediate vicinity when Laing fired his gun at Compton. *Id.*; (*see* Lang Video 0:57-1:03). In this case a reasonable jury could infer that no bystanders were in danger and prior interactions with Compton did not suggest that he was going to continue to endanger others with his car. Thus, Laing's motion to reconsider is denied.

5

## IV.     CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (DN 30) is **DENIED.**

Greg N. Stivers, Chief Judge
United States District Court

November 28, 2022

cc:     counsel of record