UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| JOSEPH DAVID COMPTON ) | |
| *Plaintiffs* ) | |
| v. ) | Civil Action No. 1:21-CV-104-GNS |
| ) | |
| OFFICER KYLE J. LAING, ET AL. ) | |
| *Defendants* ) | |

## AMENDED COMPLAINT

1. This is a claim for monetary damages under 42 U.S.C. § 1983 and state tort law against Defendant stemming from the shooting of Plaintiff. At the time Defendant Laing shot, Plaintiff posed no threat to him or anyone else. Defendant Laing's use of deadly force against Plaintiff violated his right to be free from unreasonable force in violation of the Fourth Amendment to the United States Constitution as well as Kentucky common law.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Western District of Kentucky, the judicial district in which all of the events giving rise to the claim occurred.

4. Venue is also proper in the Western District of Kentucky pursuant to 28 U.S.C. § 1391(b)(l), as it is believed that Defendant resides in the Western District of Kentucky.

## PARTIES

5. Plaintiff, Joseph David Compton, was at all relevant times hereto, a resident of the Commonwealth of Kentucky.

6. Defendant, Officer Kyle J. Laing, was at all relevant times hereto, a resident of the Commonwealth of Kentucky, employed by the Bowling Green Police Department, and acting under color of state law.

## FACTS

7. On August 16, 2020, Officer Michael Jonker and Defendant Laing responded to a trespassing and theft complaint.

8. Jonker was the first to arrive at the 500 block of West 10th Street, followed by Defendant Laing.

9. When Defendant Laing arrived, Officer Jonker proceeded down the driveway and into the backyard of 519 West 10th Street.

10. Upon hearing a noise coming from the backyard, Defendant Laing notified dispatch that a person suspected of being Compton was fleeing in a vehicle, and then proceeded to run down the driveway.

11. After entering the backyard, Defendant Laing positioned himself to the side of the driveway and took a shooting position.

12. Defendant Laing—who was safely standing out of the path of Compton's vehicle—fired three shots into the left side.

13. At the time Defendant Laing fired, Compton was driving away from and past him, toward the street.

14. Defendant Laing's second shot struck Compton in the back. The bullet traveled towards his front and became lodged in his left upper chest.

## COUNT I
## Excessive Force Under 42 U.S.C. § 1983

15. Plaintiff incorporates by reference, as if set forth fully herein, each and every

2

averment, allegation, or statement contained in the previous paragraphs of this Amended Complaint.

16. The aforementioned conduct of Defendant Laing amounts to the unreasonable and excessive use of force within the meaning of the Fourth Amendment.

17. The actions of Defendant Laing were without just and legal cause, thereby violating Compton's rights under the Constitution and laws of the United States, as enumerated above, as well as his rights under the Constitution of the Commonwealth of Kentucky.

18. The above-described acts of Defendant Laing were not objectively reasonable under the circumstances.

19. Compton did not pose an immediate threat to Defendant Laing or anyone else.

20. At the time Defendant Laing fired, he was standing several feet away from the driveway, safely out of the vehicle's path.

21. Because Compton did not pose an immediate threat to Defendant Laing, his use of deadly force to prevent Compton from escaping is per se constitutionally unreasonable.

22. No objectively reasonable officer in Defendant Laing's position would have believed that Compton or the vehicle he was driving presented an imminent danger.

23. As the direct and proximate result of the aforementioned actions of Defendant Laing, Compton endured emotional distress, pain, suffering, and mental anguish.

## COUNT II
**Battery**

24. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Amended Complaint.

25. The aforementioned conduct of Defendant Laing toward Compton constitutes the tort battery.

26. As detailed in above paragraphs, Defendant Laing, without privilege or provocation, intentionally, maliciously, wantonly and/or recklessly shot Compton.

27. As the direct and proximate result of the aforementioned actions of Defendant Laing, Compton endured emotional distress, pain, suffering, and mental anguish.

## COUNT III
**Punitive Damages**

28. Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Amended Complaint.

29. The aforementioned conduct of Defendant Laing was negligent, grossly negligent, malicious, oppressive, and/or fraudulent, thus entitling Compton to punitive damages from Defendant.

**WHEREFORE,** Plaintiff prays as follows:

    A. That the Court award compensatory damages to Plaintiff and against the Defendant, in an amount to be determined at trial;

    B. That the Court award punitive damages to Plaintiff in an amount, to be determined at trial that will deter such conduct by Defendant in

      the future;

C.     For a trial by jury;

D.     For pre-judgment and post-judgment interest and recovery of their costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims and costs pursuant to 42 U.S.C. § 1920; and

E.     For any and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ David N. Ward*
GARRY R. ADAMS
DAVID N. WARD
ADAMS LANDENWICH & WALTON, PLLC
517 West Ormsby Avenue
Louisville, Kentucky 40203
(502) 561-0085
garry@justiceky.com
david@justiceky.com
*Counsel for Plaintiff*